# ACKERMAN, Administrator, v. GREEN, Appellant.

Division One, February 22, 1907.

1. **ORDER TO REVEAL ASSETS: Referee: Notice.** An order of the circuit court to a judgment debtor to appear before a referee and undergo an examination, under oath, touching his means and ability to satisfy the judgment, is not invalid because no prior notice was given to the judgment debtor that an application for such order would be made. The statute (secs. 3227 to 3232, R. S. 1899) does not require notice. The purpose of the order is to compel the debtor to uncover property subject to execution under the judgment already rendered.

2. ———: ———: ———: **Statutes Constitutional.** The fact that the order of the court appointing a referee to examine the judgment debtor touching his property subject to execution, was *ex parte* and without notice, and the fact that said statutes make no provision for notice and contemplate an *ex parte* proceeding at the making of the order, do not render such statutes unconstitutional. The judgment debtor is not thereby deprived of his property or liberty without due process of law, or denied the equal protection of the laws, contrary to either the State or Federal constitution. He cannot be deprived of his property by such order or proceeding. None of his property can be taken as a result thereof which was not already subject to execution.

3. ———: **Sufficiency of Application.** The application for an order on a judgment debtor to appear and submit to an examination touching his property subject to execution, need not state the grounds thereof with the particularity required in a bill in equity or a petition in an action at law. General statements that the judgment debtor has such property, that he has conveyed it for the purpose of defeating his creditors or to conceal it from execution, and pertinent reasons therefor, are sufficient.

4. ———: **Affidavit.** The affidavit of an administrator, made by him as such, stating that the things set forth in the application for the order are true according to his best knowledge and belief, is sufficient. It would not be sufficient if it stated upon his "information and belief." The statute uses the words "knowledge and belief."

5. ———: **Appeal.** No appeal lies from the order of a circuit court directing a judgment debtor to appear and submit to an

examination before a referee, touching his property subject to execution. The statute requires the proceeding to be summary, the proceeding does not affect his property rights, and the statute in reference to the proceeding is complete within itself and does not provide for an appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

APPEAL DISMISSED.

*Klein & Hough* and *Kinealy & Kinealy* for appellant.

The statute authorizing this examination is unconstitutional because: (1) The defendant was entitled to be consulted on the appointment of a referee, and this was not done. State v. Barclay, 86 Mo. 58; R. S. 1899, secs. 699-705. Hence a denial to the defendant of right to be consulted on the appointment of a referee which is accorded to every other defendant in a case of reference, discriminates against the defendant debtor and deprives him of the equal protection of the laws. (2) This is an *ex parte* proceeding before the referee. The referee may examine both parties, plaintiff and defendant, under the statute, merely opening with defendant. And counsel is not allowed to defendant nor can he examine witnesses in his own behalf. In this the act also discriminates against him. Garnishment proceedings may be instituted on the evidence heard before the referee, though it is based only on the testimony of the plaintiff in execution and this may be followed by imprisonment of the defendant, irrespective of any testimony given by him. In re Knapp, 144 Mo. 653. Hence, the law is unconstitutional. Bryant v. Bank, 6 Pac. 644. On the petition and affidavits filed, and in the absence of other proof, the order should not have been made. There was no jurisdiction to make it, because: (3) The affidavits and petition in absence of other

proofs on the hearing are insufficient in this case to give the court jurisdiction to make the order for the examination of the debtor.  Ackerman v. Green, 107 Mo. App. 349; In re Parrish, 28 App. Div. 24; In re Remington, 7 Wis. 643; Sackett v. Newton, 10 How. Pr. 560. (4)  The petition and affidavits filed are insufficient to show that an execution was issued in good faith, and that the officer could not find any property out of which to justify it.  Both these facts should appear.  In re Remington, 7 Wis. 643; Hackney v. Arlington, 99 N. C. 112; State Bank of Ohio v. Oliver, 1 Disney 159.   (5) The petition and affidavits are unsupported by other evidence and fail to show reasonable ground for belief that the debtor has property subject to execution.  It states mere conclusions and belief without showing grounds of belief.  This is insufficient.  Ackerman v. Green, 107 Mo. App. 341; Bank v. Clark, 52 App. Div. 601; Bank v. Wilson, 13 Hun 232; McKinley v. Snider, 116 Ind. 161; 21 Ency. Pl. and Pr. 117 note 2, par. 2. (6)  The affidavit should show reasonable ground of belief in the existence of property, choses in action, things of value unaffected by lien and incapable of levy, in order that the aid of the court "may not be invoked for an idle purpose."  Hinsdale v. Sinclair, 83 N. C. 338.   (7) The petition and proofs should have shown that defendant was a resident of the city of St. Louis.

*Daniel Dillon* and *R. L. Shackelford* for respondent.

(1)  This statute has been in force many years in this State and its constitutionality has been recognized in many of the decisions of this court.  In the two cases cited by appellant, viz., State ex rel. v. Barclay, 86 Mo. 55, and In re Frederick Knaup, 144 Mo. 653, this statute received very full consideration; but it did not occur to any one that it was unconstitutional.  Similar statutes have existed for many years in nearly all the

States, and no case is cited where any of them were held unconstitutional. (2) The second point made in appellant's brief is that the petition and affidavits filed in this cause did not give the court jurisdiction to make the order of examination. This point was thoroughly discussed and passed upon in this very case by the St. Louis Court of Appeals, in Ackerman v. Green, 107 Mo. App. 341. There Mr. Green contended that the affidavit was insufficient, because made on information and belief instead of on knowledge and belief. The Court of Appeals held that our statute required that the affidavit be made to the best of the knowledge and belief of the affiant; and that an affidavit made to the best of information and belief of affiant was not sufficient. That court, however, did hold that the petition in this case was sufficient, if verified by affidavit made to the best knowledge and belief of affiant, and the case was remanded with leave. After the case had been returned to the circuit court, respondent made affidavit to the petition in the form required by the statute and the decision of the Court of Appeals, and thereafter the circuit court made the order requiring defendant to undergo an examination, etc., as provided in the statute. The petition and affidavit fully comply with the statute of this State. The petition not only states that the petitioner believes that the defendant has property subject to execution and that he has conveyed his property to defraud, hinder and delay his creditors, but states facts and circumstances calculated to make it appear to the court, and which did make it appear to the court, and which the St. Louis Court of Appeals said might convince the court that there was reasonable grounds to believe that defendant had property subject to execution or had conveyed his property with a design to defraud, hinder or delay his creditors. This is all our statute requires. (3) The whole purpose and scope of the statute shows that it was intended that the proceed-

ings should be summary. There is nothing in the stat-
ute providing for an appeal, or that seems to contem-
plate an appeal. The statute is complete in itself, and
as it makes no provision for an appeal, it is evident that
the Legislature did not contemplate an appeal. Where
a statute in relation to special proceedings is complete
in itself and covers the entire subject, it is preclusive,
and proceedings under it are governed solely by its pro-
visions. Carter v. Lindell, 28 Mo. App. 316; Schwerer
v. Christophel, 64 Mo. App. 81; Powell v. Camp, 60 Mo.
571.

WOODSON, J.—This is an application which was
filed by the respondent in the circuit court of the city
of St. Louis, for an order thereof requiring appellant
to undergo an examination, under oath, touching his
ability and means to satisfy a judgment, which had
theretofore been rendered against him in said court in
favor of the respondent.

Prior to the filing of this application an execution
had been issued on the judgment and had been returned
*nulla bona.*

As the sufficiency of the application is questioned,
as well as the affidavit thereto, it will be necessary for
a correct understanding of the questions involved to
set out both in full, which are as follows:

"Now comes Thomas F. Ackerman, administrator
*de bonis non* of Alfred W. Fleming, deceased, and states
to this court that on the 6th day of April, 1903, in the
above-entitled cause of Thomas F. Ackerman, adminis-
trator *de bonis non* of Alfred W. Fleming, deceased,
against Charles Green, he received a judgment against
said Green for the sum of $253,903.61 and costs of said
cause; and that, on the 15th day of May, 1903, an ex-
ecution was issued by the clerk of this court on said
judgment against the property of said Green for said
sum of $253,903.61 and costs, returnable to the June
term, 1903, of this court, and placed in the hands of the

sheriff of the city of St. Louis, Missouri, for execution. And thereafter, viz., on June 1st, 1903, said sheriff returned said execution wholly unsatisfied.

"And your petitioner, Thos. F. Ackerman, further says that he believes that said Green has property subject to execution and that he has conveyed his property to defraud, hinder or delay his creditors. Your petitioner further says that said Green a few years ago was the owner of a large amount of property, and had the reputation and standing of a very wealthy man. For a year or two last past, so far as petitioner knows or can ascertain, said Green had been engaged in no business, but he lives in a large, elegant and costly residence, to maintain which requires a large amount of money. And he seems to be well supplied with money, and in his dress, appearance and manner of living he appears and acts like a gentleman of large means. And your petitioner believes that said Green has property subject to execution and that he has conveyed his property to defraud, hinder or delay his creditors.

"Wherefore, your petitioner prays this court for an order requiring said Green to appear before this court or before a referee to be appointed by this court, at a time and place to be fixed by this court, to undergo an examination, under oath, touching his ability and means to satisfy said judgment.

"City of St. Louis, State of Missouri, ss.

"Thomas F. Ackerman, duly sworn, on his oath says that he has read the foregoing petition, and that the statements therein contained are true, according to the best information and belief of him, said Ackerman.

"THOMAS F. ACKERMAN.

"Subscribed and sworn to before me this 28th day of October, 1903. My term of office expires December 12, 1904.    ROBERT SHACKELFORD,

"Notary Public, St. Louis County, Mo."

Additional affidavit is as follows:

"City of St. Louis, State of Missouri, ss.

"Thomas F. Ackerman, being duly sworn, on his oath says that he has read the foregoing petition of Thomas F. Ackerman, administrator *de bonis non* of Alfred W. Fleming, deceased, filed in the circuit court of the city of St. Louis on the 9th day of November, 1903, and that the statements in said petition are true to the best of the knowledge and belief of said affiant, Thomas F. Ackerman.

"THOMAS F. ACKERMAN.

"Subscribed and sworn to before me this 13th day of June, 1904.

"WM. H. HAUSCHULTE, Clerk."

On June 14, 1904, said petition and affidavits were presented to the court, and the court thereupon made an order on defendant Charles Green that he should appear before Joseph H. Zumbalen, referee, on June 23, 1904, at 11 a. m. in the Rialto·Building, to undergo an examination, under oath, touching his ability to satisfy said judgment.

On June 17, 1904, said order was returned served on defendant Charles Green.

On June 21, 1904, defendant filed his motion to vacate said order of June 17, 1904, with acknowledgment of plaintiff's attorney of service thereof on him; which motion is as follows:

"Charles Green, defendant in the above-entitled cause, moves the court to vacate and set aside its order made June 14, 1904, in the above-entitled cause, commanding defendant to appear for examination before Joseph Zumbalen, Esq., a referee, appointed by it, under the provisions of the sections of the Revised Statutes of Missouri hereinafter set forth, and also for the specific purposes mentioned in said order, and which order was served on this defendant June 16, 1904; and for grounds of, and reasons for, this motion and why

said order should be vacated and set aside he assigns the following, viz:

"1. That no return has been made upon any execution issued upon the judgment in said order mentioned on which said order could be lawfully based.

"1 1-2. That this cause was appealed to the Supreme Court of Missouri on May 23, 1903, without a supersedeas bond, and the same is now pending in said Supreme Court, wherefore this court has no jurisdiction to make said order without previous notice to defendant.

"2. That no competent or relevant evidence was submitted to the court, sufficient to justify the issuance of said order or sustaining the allegations of said petition.

"3. That the petition filed in this court and on which said order was made does not state facts sufficient to constitute lawful grounds for making said order or giving jurisdiction to this court to make it.

"4. That said order was issued without any notice to him, said Charles Green, of it, or the petitioner's intention to apply for it, and without the knowledge of said Charles Green, and without any opportunity having been given him to oppose it.

"5. Because the affidavit and the motion or petition on which the order is based are each and both informal, insufficient and uncertain. Neither of them shows such knowledge on the part of affiant of the facts mentioned therein as is required by law to justify such order, even if said law were constitutional.

"6. That neither the motion, petition nor affidavit filed to obtain said order alleges that defendant has any property subject to execution, or out of which said judgment could be satisfied in whole or in part, or has conveyed or attempted to convey his property with a design to defraud, hinder or delay his creditors or any of them, or that the affiant, Ackerman, has any such

knowledge of any of those facts or of any of them, or
of the matters to which he swears or makes affidavit of
matters which would be received from his lips as com-
petent evidence on a trial, and that there is no proof be-
fore this court that the said affiant has any such knowl-
edge and that the fact is he has no such knowledge.

"7.   That the appointment of said referee was
made *ex parte* and without notice to defendant and said
Joseph H. Zumbalen, Esq., was appointed such referee
without plaintiff endeavoring to agree with defendant
on a person for referee, without hearing defendant or
consultation with, or consent of, or knowledge of de-
fendant and without seeking such consent, and only at
the instance and suggestion of plaintiff, and thereby
the defendant is, was, and is threatened to be deprived
of his property and liberty without due process of law,
and was, and is, denied the equal protection of the law,
all contrary to the provision of section 30 of article 2
of the Constitution of Missouri, and of article 14 of the
amendments to the Constitution of the United States,
commonly known as the 14th amendment to the consti-
tution last named.

"8.   That this court claims to permit and order the
examination by it of, by or before such referee, of the
parties to the execution mentioned in the petition and
affidavit of plaintiff, and to be empowered to make said
order and to make it *ex parte* and without previous no-
tice to, consent of, consultation with, or hearing of de-
fendant and to punish defendant for any failure to
comply with said order, or any order resulting from
such examination or based on any facts elicited under
an examination made or had under the provisions of
any of the sections of the Revised Statutes hereinafter
named, under or by virtue of sections 3227, 3228, 3229,
3230, 3231, and 3232, of the Revised Statutes of Mis-
souri of 1899, and only and by virtue of said sections
and their provisions; and said sections and each of

them and each and every part of them and each of them respectively and collectively deprive this plaintiff and all citizens similarly situated of the equal protection of the laws and of liberty and property without due process of law and respectively and collectively against and in violation of the provisions of section 30 of article 2 of the Constitution of Missouri, and of said article 14, amendment to the Constitution of the United States, commonly known as the 14th amendment to said last-mentioned constitution, so far as they attempt to confer any such power or authority on this court, or on such referee, and in all respects other than those above specifically stated.''

The court overruled said motion to vacate, and appellant duly excepted, and has brought this case to this court on appeal.

I.   The first assignment of error presented, by appellant, for our consideration is the action of the court in making the order appointing a referee to examine the judgment debtor under oath, touching his ability and means to satisfy the judgment, without first giving him notice of the intended application.

This proceeding is authorized and governed by sections 3227 to 3232 of the Revised Statutes of 1899. A careful reading of those sections has failed to reveal a provision requiring notice to be given to the judgment debtor of the intended application.

In the absence of a statutory requirement, we are unable to see what legal rights of his have been violated or denied to him by that order.   The proceeding is simply one to compel him to disclose the fraudulent disposition of his property or the hiding place thereof. That does not take from him any legal or moral right. The legal rights of the parties, both the judgment creditor and the judgment debtor, were fully determined by the solemn adjudication of the court, when it rendered the judgment against the appellant.   All the property

he owned at that time, or which he had subsequently acquired, was subject to seizure and sale under execution issued upon that judgment. If, as a matter of fact, he had fraudulently conveyed the property or had concealed it so that the ordinary process of law could not be served upon it, that fact in no wise militated against the judgment creditor's right to seize and sell the property, if it could be found, nor did such conveyance or concealment augment the rights of the judgment debtor. So it can be readily seen that the order requiring the judgment debtor to disclose the hiding place of the property, the judicial status of which had theretofore been established by the judgment of the court, in no manner whatever deprived him of any of his legal rights.

This statute does not even go so far as to require or authorize the court in this kind of a proceeding to order the debtor to turn the property over to the officer. [State ex rel. v. Barclay, 86 Mo. 58; In re Frederick Knaup, 144 Mo. 661.]

After the property has been laid bare by the foregoing procedure, then the proper officer may levy the execution upon it and sell it for the payment of the judgment; but if it is not susceptible of being levied upon, then the appropriate equitable remedy or legal proceeding should be resorted to, in order to subject the property to the satisfaction of the judgment. [In re Frederick Knaup, 144 Mo. 658; Bryant v. Bank of California, 8 Pac. 644.]

It must, therefore, follow from what has been said that appellant was not entitled to notice that the order was to be applied for.

II.  The appellant next assails the constitutionality of the foregoing sections of the statutes under which this proceeding was instituted, because the order of the court appointing the referee to examine the judg-

ment debtor was *ex parte* and without notice to him, and because said sections make no provision for such notice, and that because thereof he was and is threatened to be deprived of his property and liberty without due process of law, and was and is deprived of the equal protection of the law, contrary to the provisions of article 2, section 30 of the Constitution of Missouri, and of article 14 of the amendments of the Constitution of the United States, known as the 14th amendment.

If we are right in the conclusions reached in paragraph one of this opinion, which are substantially to the effect that appellant has not been and cannot be deprived of his liberty or property in this proceeding, then it is difficult for us to see why the statute should be declared unconstitutional and void, because it does not provide for notice to be given to him when such an order is applied for. We are clearly of the opinion that the judgment debtor is not entitled to notice in such a procedure, and, for that reason, hold that the statute is obnoxious to neither the Constitution of the State nor that of the United States.

Nearly every State in the Union has similar statutes, and many of them have been in force for years, yet we have been unable to find a single case where the constitutionality of one of them has ever been questioned.

The conclusion here reached is so clearly correct, it seems to us, that it requires the citation of no authorities to sustain it.

III.    Appellant assails the sufficiency of the application filed, and contends that the allegations thereof and the affidavits therewith filed are insufficient to give the court jurisdiction to make the order for examination of the debtor.

In so far as the allegations of the application are concerned, we concur with what the Court of Appeals

said upon that question when this case was before that court. [Ackerman v. Green, 107 Mo. App. 341.]

In this class of proceedings it is impossible to allege all the facts which would be necessary to constitute a good cause of action, if filed as a bill in equity or a petition in an action at law, because the facts are not known to the creditor, and the sole object sought to be obtained is to ascertain the facts, the whereabouts of the debtor's property in order that it might be seized, or such facts as would enable the creditor to make the proper allegations in case legal or equitable proceedings were necessary to be instituted in order to reach the property of the debtor. If the creditor knew those facts, then what would be the use or sense of enacting such a statute?

And since the affidavit to the application has been amended in accordance with the suggestions of the Court of Appeals, we are of the opinion that it constituted sufficient evidence upon which to justify the court's action in making the order appointing the referee. [R. S. 1899, sec. 3228; Ackerman v. Green, 107 Mo. App. 341, and cases cited.]

IV. The respondent contends that an appeal will not lie from such an order made by the circuit court in this class of cases.

While the circuit court and the Court of Appeals have held to the contrary, we are constrained to disagree with the conclusions they have reached.

The statute makes no provision for an appeal. It is complete within itself, and the nature of proceeding and the object to be sought thereby are contradictory to the right of appeal. The proceeding is summary in its nature, and intended to disclose fraudulently concealed property, in order that it may rightfully be subjected to the payment of a just debt. Why, then, should the law provide for a summary hearing for that purpose, and, in the next breath, allow an appeal from

the order granting the relief which would delay the investigation for years? And of that this case is a striking example. Especially does this seem to us to be true when the investigation in no manner affects the debtor's property rights. If the property discovered belongs to the debtor, then he has no right to conceal it, nor legal right to object to levy upon and sale thereof; and if it belongs to third parties, then the inquiry does not concern him nor does the inquisition in any manner affect the right of third parties, because they are not parties to the proceedings and are not precluded thereby, but are entitled to their day in court whenever their property is sought to be taken to pay the debts of another. [In re Frederick Knaup, 144 Mo. 653; Bryant v. Bank of California, 8 Pac. 644.]

So you may look at the case from any standpoint, and we are unable to see how any right whatever of the judgment debtor is involved in such a procedure, except, perhaps, those rights which belong to any and all witnesses. But a witness as such, whether he be the judgment debtor or any other witness in the case, who has no property rights in the proceeding, cannot appeal from the ruling of the court which requires him to answer questions regarding property which has been fraudulently conveyed or concealed. The mere statement of the proposition carries with it its own refutation.

In addition to what has been said above, where a statute in relation to special proceedings is complete in itself and covers the entire subject, it is exclusive, and the proceedings under it are governed solely by its provisions. [Baker v. Railroad, 36 Mo. 543; Carter v. Tindall, 28 Mo. App. 319; Schwoerer v. Christophel, 64 Mo. App. 81.]

The conclusions above reached must result in the dismissal of the appeal, which is accordingly done.

All concur, except *Graves, J.*, who dissents.