HUGH D. CATTY, PLAINTIFF, v. HAROLD BROCKELBANK, DEFENDANT.

HUGH D. CATTY, PLAINTIFF, v. ARTHUR E. FINTER, DEFENDANT.

Argued April 2, 1940—Decided April 5, 1940.

Before Brogan, Chief Justice, as a single justice.

For the rule, *Tiffany & Massarsky*.

*Contra, Spingarn & Sachs.*

Brogan, Chief Justice. This matter arises out of a discovery proceeding in aid of execution. The only question involved is whether, under our statute—*R. S.* 2:26-153—a judgment creditor in a discovery proceeding is privileged to require a witness, under process to appear and testify, to bring a specified document or agreement germane to the issue, which shows that certain moneys are due the judgment debtors from given persons. The statute in question reads as follows: 2:26-153—"In proceedings for discovery in aid of execution, witnesses may be required to appear and testify concerning the matters involved by either party, by process of *subpœna ad testificandum*, issued out of the court wherein the judgment is recovered or docketed."

The witness was served with this court's process to appear before a Supreme Court commissioner "to testify and give evidence" and at the same time bring with him the agreement in question wherein, as it is alleged, certain credits of the debtor are assigned to the witness and his law partner, to whom the judgment debtors are indebted.

The moving party confines its argument to the proposition that the power to compel a witness to bring records (*i. e., duces tecum*) is not contained in the statute quoted above; that the words *"ad testificandum"* are a limitation on the scope of the subpœna and are not comprehensive enough to

require the production of records. In opposition it is admitted that while no case has been found in which the precise question as to the scope of the statute has been determined by this court, nevertheless the construction placed upon other statutes of like import—(section 58, Evidence act, *Comp. Stat., p.* 2237; *R. S.* 2:100-35) in a general way are favorable to the contention that the power to compel a witness in a proceeding of this character to bring records to the hearing is implicit in the statute. *Cf. Davis* v. *Lehigh Valley Railroad,* 97 *N. J. L.* 412. The argument of the former rests on strict construction; that of the latter that the statute, being remedial in essence (*Coleman* v. *Roff,* 45 *N. J. L.* 7) compels the exercise of this power as entirely compatable with the spirit of the statute.

A subpœna or, more fully, a *subpœna ad testificandum* is defined as a process to cause a witness to appear and give testimony, &c. 27 *Amer. & Eng. Cyc.* 197; 2 *Bouvier* (*Rawles* 3*d ed.*) 3164. Professor Wigmore, in his work on evidence (volume 4, section 2199) writes, "The form of document traditionally used for this purpose (to summon witnesses) is the writ of subpœna which commands the witness to appear * * *. Where the witness is desired to bring documents a specific clause to that effect is additionally required to be inserted." And, in the following section (2200), "The form of the subpœna, when the production of documents is desired, is varied by the insertion of a special clause adapted to the purpose and requiring the witness to bring with him—*duces tecum*—the desired document." Of course, the learned author is speaking of the writ of subpœna generally.

Our statute law concerning evidence and witnesses—2:97 subtitle 11—in speaking of such process, regards it rather in the generic sense without distinction or qualification whether the process be to testify or to bring records, and this court in the Davis case, *supra,* held that under section 58 of the Evidence act (now *R. S.* 2:100-35) a *subpœna duces tecum* might be ordered, relying on a decision of Mr. Justice Garrison—*In re Donald and Healy.* The opinion of Mr. Justice Garrison, unfortunately, was not reported and is not

available. The law reports only contain the judgment of our court of last resort (87 *N. J. L.* 691) where it appears that an appeal from the judgment of Mr. Justice Garrison was discussed. The language of the statute, considered by Mr. Justice Bergen in the Davis case, *supra,* is that the court "may make an order awarding process of subpœna * * * for such witness * * * to appear and testify." This, in effect and meaning, is identical with the language of the statute under review requiring witnesses to appear and testify "by process of *subpœna ad testificandum.*" Mr. Justice Bergen, in the Davis case, held that the word "subpœna," as used in the statute then under consideration, was "any subpœna necessary to accomplish the intention of the statute." This reasoning seems to me to be just as apt in the present situation.

This proceeding is "for discovery in aid of execution" and the record or agreement called for concerns "the matters involved," viz., alleged credits of the judgment debtors. If the subpœna be restricted to oral testimony the purpose of the statute, to aid execution, is seriously circumscribed.

A *subpœna ad testificandum* does not lose any of its identity or its quality and become something else because there is added thereto a clause of requisition to the witness to bring in certain records in his possession pertinent to "the matters involved" without which the power of process to compel his testimony might well be valueless. Text-writers seem to take the position that the term *subpœna ad testificandum* is a technical and descriptive name for the ordinary subpœna. 60 *C. J.* 689; 70 *C. J.* 43, § 22G; and that a power to compel testimony by subpœna as a general rule connotes authority to include therein a *duces tecum* requirement. 70 *C. J.* 48, § 34. And it seems to me to be a sensible view. After all, the words "sub pœna" looking to the meaning, certainly have no relation whatever to process. Custom and tradition have, however, made the words synonymous with process of a certain kind. It is an erroneous view to my mind to hold that *subpœna duces tecum* is something different and apart from *subpœna ad testificandum* and that the latter term does not include the former. My judgment is that under our

statute in proceedings for discovery in aid of execution (*R. S.* 2:26-153) witnesses brought in to testify concerning the matters involved may be required to produce pertinent records which are in their custody.

The rule will be discharged, with costs.