**A.D. LUMBER CO., INC., Relator,**

v.

**The Honorable Montgomery L. WILSON, Respondent.**

**No. WD 35848.**

Missouri Court of Appeals, Western District.

June 12, 1984.

Thomas C. Fincham, North Kansas City, for relator.

Joseph K. Houts, St. Joseph, for respondent.

Before MANFORD, P.J., and KENNEDY and NUGENT, JJ.

KENNEDY, Judge.

Upon the application of relator A.D. Lumber Company, Inc., we issued our pre-

liminary writ of prohibition against the respondent judge, prohibiting his taking any further action in a case entitled L.G. Degase, Plaintiff, vs. Allen Degase, Defendant, No. CV782–33CC. The writ was broader than the prohibition petition requested, which requested that the trial judge be prohibited from entering a certain order at the conclusion of a judgment debtor's examination, § 513.380 et seq., RSMo 1978, by which it would have been "ordered, adjudged and decreed that the plaintiff have execution and sale of the assets of A.D. Lumber Company, Inc., to the extent of $30,000, plus interest and costs, including the accounting cost taxed against said Allen Degase".

The background facts are as follows:

L.G. Degase had a judgment against Allen Degase in the sum of $30,000, growing out of the dissolution of a partnership between those two brothers and an accounting. An execution upon the judgment, sued out by plaintiff L.G. Degase against the property of defendant Allen Degase, was returned "non est".

Thereupon plaintiff L.G. Degase, taking advantage of the procedure provided by § 513.380 et seq., RSMo 1978, filed an application and secured an order for the examination of the judgment debtor. Evidence was heard by the respondent judge which tended to show, according to the judgment creditor's theory, and according to the respondent judge's proposed finding and order, that judgment debtor Allen Degase had conveyed certain of his property and assets to A.D. Lumber Company "in an effort to defraud, hinder and delay payment to his creditor, L.G. Degase, for the judgment heretofore rendered in favor of L.G. Degase in this action".

The short answer to this is that the court upon hearing the evidence in a judgment debtor examination proceeding, has no power to issue any kind of order or judgment. Sec. 513.395, RSMo 1978, gives to the court the only power it has, and that is to "deliver an opinion in writing" stating whether the debtor "has and owns property ... which ought to be applied to the payment ... of said judgment". This opinion, says the statute, "shall be filed in the clerk's office of such court, and shall have no other or different effect in law, as to title, than as provided herein." In brief, it is entirely advisory. *Ackerman v. Green*, 201 Mo. 231, 100 S.W. 30, 33–34 (Mo.1907).

Should the judgment creditor wish to reach the assets of A.D. Lumber Company, Inc., which he claims to have been fraudulently conveyed to it by the judgment debtor, Allen Degase, there are legal means for that purpose, in which relator corporation can be made a party and the question of Allen Degase's fraudulent conveyance of property to that corporation may be taken up and decided with binding effect.[1] But that is not the case which is before respondent judge, nor before us.

Preliminary writ is modified to prohibit only the proposed order or judgment in the debtor examination proceeding, and to prohibit no other action therein. As modified, the writ is made absolute.

MANFORD, P.J., and NUGENT, J., concur.

---

1. *Ackerman v. Green*, 201 Mo. 231, 100 S.W. 30, 34 (Mo.1907). See generally 14 Mo.Dig., Fraudulent Conveyances, Key No. 226 et seq. (1968); 37 C.J.S. Fraudulent Conveyances, § 304 et seq. (1943).