**STATE ex rel. Donald E. ANDERSON and Bobbie L. Anderson, Relators,**

v.

**Honorable Philip G. HESS, Judge of the 23rd Judicial Circuit, Jefferson County, Missouri, Respondent.**

No. 50880.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 29, 1986.

Joseph J. Edlin, Hillsboro, for respondent.

David L. Baylard, Union, for relators.

REINHARD, Judge.

This is an original proceeding in prohibition, in which relators seek to prevent the respondent-judge from enforcing certain orders issued in an examination of judgment debtor proceeding brought under § 513.380, RSMo 1978. We now make absolute our previously issued preliminary order in prohibition.

On August 5, 1983, judgment creditors, Bruce and Christin MacCurrach, were awarded damages against relators in the amount of $33,365.71. The judgment was affirmed on appeal in *MacCurrach v. Anderson,* 678 S.W.2d 459 (Mo.App.1984). The MacCurrachs subsequently commenced proceedings to execute on the judgment, which included obtaining, on July 10, 1985, an order for execution and garnishment on "all stock in the names of Donald E. Anderson and Bobbie L. Anderson owned in the Deo-Favente Development Corporation." Bobbie Anderson, the secretary of that corporation, refused to give any information about the shares of stock or furnish the certificates as required by § 513.115, RSMo 1978, and the execution was returned unsatisfied.

In a further attempt to satisfy their judgment, the MacCurrachs filed a motion for examination of judgment debtors pursuant to §§ 513.380 and 513.385. They also filed subpoenas duces tecum requiring Donald and Bobbie Anderson, in their individual capacity, and Bobbie Anderson, as secretary of Deo Favente Development, to bring:

> Pertaining to Deo Favente Development Corp.: Articles of Incorporation, Certificate of Authority to Commence Business, the names of all officers, directors, and shareholders of the corporation, and all shares of stock in the names of Donald E. Anderson and Bobbie L. Anderson owned in the Deo Favente Development Corp.

Relators filed a motion to dismiss the motion for examination of judgment debtors, alleging that it did not contain sufficient factual allegations or a sufficient affidavit.[1] They also filed motions to quash the subpoenas on the ground that the subpoenas were beyond the jurisdiction of the court under § 513.380. Respondent denied relators' motions, and the examination proceeding commenced on November 15, 1985.

The first and only witness to testify at the hearing was Bobbie Anderson, who upon questioning by the judgment creditors gave her name, address, marital status and the number of children she has. She refused to disclose her occupation, invoking her constitutional privilege against self-incrimination. Respondent entered an order requiring:

> ... defendants to answer all the questions or be jailed for contempt or on a charge of perjury, and the court hereby denies the defendants the right to invoke their constitutional rights against self-incrimination (there having been no waiver thereof).

The proceedings were then continued to give relators the opportunity to pursue prohibition.

In this proceeding in prohibition, relators seek to prevent respondent from enforcing his order requiring relators to "answer all questions at the hearing on the motion for examination of judgment debtor in direct violation of relators' duly invoked constitutional privileges against self-incrimination" and to prevent him from "exceeding his jurisdiction in ordering relators to produce records and documents which order is be-

---

1. We have examined the affidavit, and find that it is sufficient.

yond the jurisdiction of the respondent under section 513.380."

■ We first consider whether respondent exceeded his jurisdiction in ordering relators to answer "all the questions" and denying them the right to invoke their privilege against self-incrimination secured by the Missouri Constitution in Article I, § 19, and the Fifth Amendment to the United States Constitution. As did the court below, we find no waiver of relators' privilege. Thus, the instant case is controlled by the Missouri Supreme Court's decision in *State ex rel. Shapiro Realty & Investment Co. v. Cloyd*, 615 S.W.2d 41 (Mo. banc 1981). The court examined in that case "the scope of the privilege against self-incrimination afforded the judgment debtor", *Id.* at 44, and concluded:

> Both the "burden of proof" requirement and the less stringent "rational basis" requirement involve an element of compulsion which we find inconsistent with the principles underlying the privilege.
>
> ... in order to assure that the protection given by Article I, § 19, of the Missouri Constitution, is meaningful, we hold that *once a witness claims the privilege afforded him under that provision, a rebuttable presumption arises that the witness' answer might tend to incriminate him,* a presumption that can be rebutted by a demonstration by the party seeking the answer that such answer "'cannot possibly' have such tendency to incriminate." (citations omitted) (emphasis ours).

*Id.* at 45–46. No attempt was made by the judgment creditors here to rebut the presumption that Bobbie Anderson's answers would be incriminatory, and respondent exceeded his jurisdiction in requiring her to answer. While Donald Anderson has not yet testified, respondent's order purports to apply to him as well, and not only requires him to answer all questions that may be asked, but denies him the right to invoke his privilege against self-incrimination. This, too, is in excess of respondent's jurisdiction.

■ We turn now to the question of whether the subpoenas duces tecum were beyond the power of the court to order in the proceeding under § 513.380. That statute provides:

> Whenever an execution against the property of any judgment debtor, individual or corporate, issued from any court in this state, shall be returned unsatisfied, in whole or in part, by any sheriff or other proper officer, the judgment creditor in such execution, his executor, administrator or assign, may, at any time within five years after such return so made, be entitled to an order by the court rendering such judgment, *requiring the judgment debtor* or, in the case of a corporation judgment debtor, its chief officer *to appear before such court* at a time and place in said order to be named, to undergo an examination under oath touching his ability and means to satisfy said judgment, and in case of neglect or refusal on the part of such judgment debtor or, in the case of a corporate debtor, its chief officer to obey such order, such court is hereby authorized to issue a writ or attachment against said debtor, as now provided by law, and to punish him or, in the case of a corporate debtor, its chief officer for contempt. (emphasis ours).

It is readily apparent that § 513.380 applies only to judgment debtors, and the court could not order the appearance of Bobbie Anderson in her capacity as secretary of Deo Favente Development. This being true, it is also clear that no subpoena duces tecum could be issued to her as a corporate officer.

■ The subpoenas duces tecum issued to Donald Anderson and Bobbie Anderson as individuals were also beyond the court's jurisdiction. Section 513.380, which sets forth the procedure to be followed in a judgment debtor examination proceeding, does not provide for the issuance of subpoenas duces tecum. Such authority, if it exists, would have to be found elsewhere. In *A.D. Lumber Co., Inc. v. Wilson*, 672 S.W.2d 383, 384 (Mo.App.1984), the Western District said:

... the court upon hearing the evidence in a judgment debtor examination proceeding, *has no power to issue any kind of order or judgment.* Sec. 513.-395, RSMo 1978, gives to the court the only power it has, and that is to "deliver an opinion in writing" stating whether the debtor "has and owns property ... which ought to be applied to the payment ... of said judgment". This opinion, says the statute, "shall be filed in the clerk's office of such court, and shall have no other or different effect in law, as to title, than as provided herein." In brief, it is entirely advisory. *Ackerman v. Green,* 201 Mo. 231, 100 S.W. 30, 33–34 (Mo.1907). (emphasis ours).

While we do not agree with relators' contention that *Ackerman* is dispositive of this point, because it is concerned only with the nature of the post-examination order, we believe it further indicates the limited nature of the court's power in such a proceeding. A careful reading of §§ 513.380–513.-395 indicates that the advisory opinion of the court is to be based upon the testimonial evidence of the judgment debtors and the judgment creditor, and we do not believe that §§ 491.090 and 491.100, RSMo 1978, are applicable here insofar as they provide for the issuance of subpoenas for the production of documentary evidence. Such an order is not expressly or implicitly authorized in a proceeding under § 513.380; therefore, the court exceeded its jurisdiction in denying relators' motion to quash. Our preliminary writ is made absolute.

SIMON, P.J., and DOWD, J., concur.