STATE ex rel., the ROWLAND
GROUP, INC., Relator,

v.

The Honorable Jack L. KOEHR,
Judge, Circuit Court, City of
St. Louis, Respondent.

No. 74437.

Supreme Court of Missouri,
En Banc.

June 2, 1992.

John A. Kilo, H. Clay Billingsley, Michael H. Izsak, St. Louis, for relator.

David T. Butsch, St. Louis, for respondent.

COVINGTON, Judge.

Relator, The Rowland Group, Inc., instituted a proceeding in prohibition in the Missouri Court of Appeals, Eastern District, seeking to prohibit respondent, the Honorable Jack L. Koehr, from compelling Edward Rowland, as chief-executive officer and principal of relator, not only to appear at a judgment debtor examination but also "to produce in evidence records and documents evidencing or pertaining to assets of The Rowland Group, Inc." The court of appeals issued a preliminary order in prohibition. In making the writ absolute, the court of appeals concurred in the holding of *State ex rel. Anderson v. Hess*, 709 S.W.2d 526 (Mo.App.1986), which prohibited a trial court from compelling a judgment debtor to produce documentary evidence at a judgment debtor hearing. This Court granted transfer. By this opinion this Court abrogates the decision in *State ex rel. Anderson v. Hess* and quashes the preliminary order in prohibition.

On August 13, 1989, the Circuit Court of the Sixth Judicial Circuit, in Macon County, Illinois, entered a judgment in favor of Magna Millikin Bank of Decatur, N.A., and against the relator, The Rowland Group, in the amount of ninety-six thousand, one-

hundred thirty-two dollars and twenty-one cents ($96,132.21). On October 30, 1989, Magna Millikin Bank assigned all of its rights, title, and interest in the judgment to Nicholas G. Striglos. On November 26, 1990, Mr. Striglos registered the Illinois judgment in the Circuit Court of the City of St. Louis.

Mr. Striglos initiated proceedings to execute on the judgment. He obtained an order from the Circuit Court of the City of St. Louis requiring Edward Rowland, as principal of The Rowland Group, to appear and undergo an examination under oath regarding The Rowland Group's ability to satisfy the Illinois judgment. The order further required Rowland to produce in evidence on behalf of the corporation various documents pertaining to The Rowland Group's assets. The relator filed a motion to quash the portion of the circuit court's order that required Rowland to produce records and documents evidencing or pertaining to assets held by The Rowland Group. Respondent overruled the relator's motion to quash. This proceeding in prohibition followed.

The issue is whether a circuit court is authorized, pursuant to § 513.380, RSMo 1986, to order a judgment debtor not only to appear and be examined but also to produce documents. Relator relies on *State ex rel. Anderson v. Hess* in which the court of appeals held that it was beyond the court's jurisdiction to issue a subpoena *duces tecum* for a judgment debtor examination. *Anderson,* 709 S.W.2d at 529. The *Anderson* court determined that under §§ 513.380–513.395, the court's authority is limited to the issuance of an advisory opinion regarding the debtor's assets based exclusively upon testimonial evidence of the judgment creditor and the judgment debtor. *Id.* In response, respondent claims that to so limit the judgment debtor examination offends against the spirit of the law and weakens the effect of § 513.380. This Court agrees with the respondent.

Judgment debtor examinations in Missouri are conducted by authority of § 513.-380 and *Rule 76.27,* which mirrors the stat-ute. Section 513.380 in relevant part provides:

> ... [W]henever an execution against the property of any judgment debtor ... shall be returned unsatisfied ... [the judgment creditor is] entitled to an order by the court ... requiring the judgment debtor ... to appear before such court ... to undergo an examination under oath touching his ability to meet and satisfy said judgment....

The statute is silent on the question of whether courts may compel the judgment debtor to produce documents.

In *Anderson* the court of appeals examined the propriety of the circuit court's issuance of a subpoena *duces tecum* in an examination of judgment debtor proceeding. The court of appeals concluded that the issuance of the subpoena *duces tecum* was beyond the jurisdiction of the respondent judge in that case because the judgment debtor examination statute, § 513.-380, does not provide for the issuance of the subpoena *duces tecum. Anderson,* 709 S.W.2d at 528. Relying on the holding of *A.D. Lumber Co., Inc. v. Wilson,* 672 S.W.2d 383, 384 (Mo.App.1984), that a court is without power to issue any order in a judgment debtor proceeding, the *Anderson* court held that authority to issue a subpoena *duces tecum* is neither expressly nor implicitly authorized in a proceeding under § 513.380. *Anderson,* 709 S.W.2d at 529.

■ It is undisputed that §§ 513.380–513.395 do not expressly authorize a court to order the production of documentary evidence in an examination of the judgment debtor. To cite the silence of the statute, however, does not end the inquiry. Standard rules of construction require that a statute be given a reasonable interpretation in light of the legislative objective. *BCI Corp. v. Charlebois Construction Co.,* 673 S.W.2d 774, 780 (Mo. banc 1984). In undertaking to resolve the issue of the court's authority to issue subpoenas *duces tecum* in a judgment debtor examination proceeding, it is, therefore, necessary to consider the purpose of an examination conducted under authority of § 513.380.

The judgment debtor examination is a supplementary proceeding, summary in nature. *Kleinfeld v. Graneto Datsun, Inc.*, 686 S.W.2d 885, 886 (Mo.App.1985). The principal purpose of a judgment debtor examination is to discover assets, to compel the defendant in the execution to disclose under oath all the assets of his estate, and, after this discovery, to authorize the court to say whether or not the debtor has assets that may be levied on by execution in favor of the judgment creditor. *See Murphy v. Wilson*, 84 Mo.App. 178, 184 (1900). A related purpose is to disclose fraudulently concealed property so that it may properly be subjected to the payment of a just debt. *Kleinfeld*, 686 S.W.2d at 886 (*citing Ackerman v. Green*, 201 Mo. 231, 100 S.W. 30, 32 (1907)).

Assisting the creditor in discovery of the debtor's assets by compelling production of relevant documents furthers the purpose of § 513.380. Requiring the judgment debtor to produce documentation enhances the efficiency and effectiveness of judgment debtor examinations by aiding the court in the identification of property properly subject to execution. Documents produced at a judgment debtor examination may serve to enhance the accuracy of the court's advisory opinion by discouraging perjury and avoiding inadvertent omissions and misstatements by the judgment debtor. In sum, the production of documents relevant to discovery of the judgment debtor's assets facilitates the enforcement of validly issued judgments. *See, e.g., Leonard v. Wargon*, 55 N.Y.S.2d 626, 627 (1945). Conversely, restricting the judgment debtor examination to the oral testimony of the judgment debtor circumscribes the examination and thwarts fulfillment of the statutory purpose. *See Catty v. Brockelbank*, 124 N.J.L. 360, 12 A.2d 128, 129 (1940).

Although § 513.380 is silent regarding the production of documents, the statute explicitly authorizes the court to require the judgment debtor to appear and testify.[1] When testimonial compulsion in general is predicated by a statute, process for documents will be implied as well. 8 Wigmore, Evidence § 2200 (McNaughton rev.1961); *see also Brownson v. United States*, 32 F.2d 844, 847 (8th Cir.1929) (citation omitted); *Catty v. Brockelbank*, 12 A.2d at 129; 33 C.J.S. *Executions* § 377 (1942); 97 C.J.S. *Witnesses* § 25 (1957). Compelling a witness to produce a document in the possession of the witness is barely distinguishable from requiring the witness to give testimony when the facts lie within the knowledge of the witness. *Shull v. Boyd*, 251 Mo. 452, 158 S.W. 313, 319 (1913). The essences of the testimony are identical. *State v. Sartorius*, 171 S.W.2d 569, 575 (Mo.1943). It is appropriate to imply from the express grant of authority to compel the appearance and testimony of the judgment debtor the concomitant authority to compel production of documents through a subpoena *duces tecum* for a judgment debtor examination under § 513.380.

Authority to compel production of documents is not only inferable from the express authority granted by § 513.380, but also lies within the inherent power of the court. " 'The right to resort to means competent to compel the production of written, as well as oral, testimony seems essential to the very existence and constitution of a court of common law, which receives and acts on both descriptions of evidence, and could not possibly proceed with due effect without them.' " *Shull v. Boyd*, 158 S.W. at 318 (Mo.1913) (*quoting Amey v. Long*, 9 East 473, 484, 103 Eng.Rep. 653, 658 (1808)); *see also*, 8 Wigmore, Evidence § 2200 (McNaughton rev. 1961). Circuit courts have long been held to possess inherent authority to issue subpoenas *duces tecum* in order to obtain documents necessary to the resolution of the action before them. *See State v. Sartorius*, 171 S.W.2d at 575; *State v. Falkenhainer*, 288 Mo. 20, 231 S.W. 257, 260 (banc 1921).

In view of the legislative objective sought to be achieved by §§ 513.380–513.-395, the statutes authorizing a judgment debtor examination, the express authority

---

1. The requirement to testify is subject to any objections or protections the debtor may successfully proffer. *See, e.g., State ex rel. Hudson v. Webber*, 600 S.W.2d 691, 692 (Mo.App.1980).

within the statute itself to compel oral testimony, and the inherent authority of the court to compel the production of written evidence, this Court finds authority in a proceeding under § 513.380 for the circuit court to issue ·subpoenas to produce documents, to the extent that the documents ordered produced are relevant to the purposes of the judgment debtor examination. *See Johnson Cotton Co. v. Reaves*, 225 N.C. 436, 35 S.E.2d 408, 413 (1945).

Production of documents at trial is governed by §§ 491.090 and 491.100. Although the judgment debtor examination is a supplementary proceeding, if the court determines a subpoena *duces tecum* should issue, §§ 491.090–491.100 become applicable. The statutes provide for the conditions upon which a subpoena may issue or may be quashed. Sections 491.090 and 491.100 confer upon the litigant the right to require the production of any document a litigant believes necessary to meet the issues raised in the action. *See State ex rel. Filkey, Inc. v. Scott*, 407 S.W.2d 79, 82 (Mo.App.1966). "The only limitation stated in the statute ... is that the subpoena must not be unreasonable and oppressive." *Id.* at 84.[2] The determination of reasonableness of the requirement to produce documents rests within the sound discretion of the trial court.[3]

The trial court is authorized to issue subpoenas *duces tecum* for the production of documents by the debtor in a judgment debtor examination proceeding conducted pursuant to §§ 513.380–513.395. To the extent that the holdings of *State ex rel. Anderson v. Hess* and *A.D. Lumber Co., Inc. v. Wilson* stand in disagreement with this holding, they are abrogated. The preliminary order in prohibition is quashed.

ROBERTSON, C.J., HOLSTEIN, BENTON and THOMAS, JJ., and PARRISH and MAUS, Special Judges, concur.

PRICE, J., not sitting because not a member of the Court when case was submitted.

---

**2.** The statute provides that the court, upon prompt motion, may "quash the subpoena if it is unreasonable and oppressive or condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the objects, books, papers or documents." § 491.100.3. The statutory requirement of reasonableness is sufficient to satisfy the strictures of the Fourth Amendment. *See Division of Employment Security v. Ferger*, 781 S.W.2d 568, 570 (Mo.App 1989).

**3.** Without deciding any question of compliance with §§ 491.090–491.100, this Court observes that the order in the present case exceeds the authority of the trial court in another respect. The order requires that Rowland ·produce the documents "in evidence." Generally, documents produced for trial in accordance with a subpoena *duces tecum* are examined by the opposing party but are not admitted into evidence unless a party, after laying a proper foundation, offers the documents into evidence. *See* 6 Wigmore, Evidence § 1894 (Chadbourn rev. 1976).