Sharon KLEINFELD,
Plaintiff-Appellant,

v.

GRANETO DATSUN, INC.,
Defendant-Respondent.

No. 48968.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 26, 1985.

Thomas F. Flynn, St. Louis, for plaintiff-appellant.

Frank Susman, Clayton, for defendant-respondent.

KELLY, Judge.

Sharon Kleinfeld appeals from an order of the Circuit Court of St. Louis County quashing a subpoena duces tecum directed to Fred Graneto requiring him to produce at an Examination of Judgment Debtor the records of Graneto Datsun, Inc., and of Fred Graneto and his family for the purpose of tracing the money received by him from the sale of Graneto Datsun, Inc., in an effort to show a transfer in fraud of creditors. We dismiss.

This appeal has its genesis in an action for fraud and misrepresentation surround-ing the sale of a 1976 Fiat automobile. The defendants in said cause were Graneto Datsun, Inc., a Missouri corporation, and William Noel, an employee and agent of said corporation. Fred Graneto was the President of Graneto Datsun, Inc.; he was not a named party to the litigation.

On December 3, 1982, appellant obtained a partial summary judgment as to liability against Graneto Datsun, Inc. alone, and on March 23, 1983, was awarded a money judgment of $2,500.00 compensatory damages and $50,000.00 punitive damages.

Appellant moved for an examination of the judgment debtor corporation and this was granted on March 28, 1984. She served upon Mr. Graneto a subpoena duces tecum as President of the Corporation. Mr. Graneto filed his Motion to Quash the subpoena duces tecum as to certain documents requested in the subpoena duces tecum. On July 18, 1984, after a hearing, the trial court sustained said motion. This appeal followed.

■■■ Examination of the Judgment Debtor, pursuant to § 513.380, RSMo 1978 [1] and Rule 76.27, is a supplementary proceeding, summary in nature, and intended to disclose fraudulently concealed property in order that it may rightfully be subjected to the payment of a just debt. *Ackerman v. Green*, 201 Mo. 231, 100 S.W. 30, 32 (1907). The court upon hearing the evidence in a judgment debtor examination proceeding has no power to issue any kind of order or judgment, but rather to deliver an opinion in writing stating whether the debtor has and owns property which ought to be applied to the payment of said judgment. Said opinion is purely advisory. *A.D. Lumber Co., Inc. v. Wilson*, 672 S.W.2d 383, 384 (Mo.App.1984). Section 513.380 makes no provision for an appeal and therefore no appeal lies from an order for such examination. *Ackerman*, supra at 33–34[6]. The Supreme Court, in *Ackerman*, pointed out that the statute is com-

1. All statutory citations are to RSMo 1978.

plete within itself, and the nature of the proceeding and the object to be sought thereby are contradictory to the right of appeal. Because of the summary nature of the proceedings to allow an appeal would defeat the very purpose of the proceedings. *Ackerman,* Id., p. 34.

The appeal in this case is not from a final judgment, but rather from an order quashing a subpoena duces tecum. Right of appeal is statutory and, except as to certain special orders, an appeal may be taken only from a final judgment, § 512.-020, and, in general, for a judgment to be final it must dispose of all parties and all issues in the case. *Stith v. St. Louis Public Service Co.,* 363 Mo. 442, 251 S.W.2d 693 (1952). It is clear that the quashing of a subpoena duces tecum is not a final judgment nor is it a "special order" as that term is employed in § 512.020. Therefore no appeal from an order quashing a subpoena duces tecum in an Examination of Judgment Debtor proceeding under § 513.-380 and Rule 76.27 is authorized.

Appeal dismissed.

DOWD, P.J., and CRANDALL, J., concur.