**MOHAWK FLUSH DOORS, INC.,**
Plaintiff–Respondent,

v.

**KABUL NURSING HOMES, INC.,**
Defendant–Appellant,

and

**Licking Construction & Development Corporation, and Hodge Hardware & Speciality Co., Inc., and William T. Shay, Trustee, Farmers Home Administration, U.S. Department of Agriculture, Defendants.**

No. 20943.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 20, 1997.

John Alpers, Jr., Cabool, for defendant-appellant.

Bob Lawson, Jr., Springfield, for plaintiff-respondent.

SHRUM, Judge.

Kabul Nursing Home, Inc. (Kabul) appeals "[f]rom an amended judgment in a mechanic's lien case."[1] However, the record discloses that the judgment appealed from did not dispose of all the parties and did not contain the Rule 74.01(b) exception; hence it is not appealable. We dismiss.

Mowhawk Flush Doors, Inc. (Mohawk) sued several defendants, alleging that it supplied materials used in the construction of a nursing home owned by Kabul. Mohawk prayed a mechanic's lien on "the Kabul Nursing Home located at 1101 Azark Avenue in Cabool, Missouri." It also sought personal judgments against Kabul, Licking Construction (Contractor), and Hodge Hardware (Subcontractor). Mohawk also asked that its lien be declared superior to deed of trust liens held by Farmers Home Administration (FHA).

Mohawk attached certain documents to its petition that purportedly contained correct legal descriptions of the nursing home real estate. As explained later, it was ultimately found that the legal descriptions attached were for a different and unrelated property owned by Kabul.

On November 21, 1995, the trial court entered a judgment that purported to impose a mechanic's lien for $13,420.59 plus post-judgment interest on Kabul's nursing home real estate. This part of the judgment was entered with the consent of Kabul and Mohawk pursuant to their settlement agreement. The trial court found that Mohawk's mechanic's lien had priority over FHA's deed of trust liens. After finding that Subcontractor was in default, the trial court entered judgment against it for $13,420.59 plus pre-judgment and post-judgment interest. However, the trial court did not adjudicate Mohawk's claims against Contractor.

In early February 1996, a special writ of execution was issued directing the sheriff to levy upon Kabul's property and sell it to satisfy Mohawk's mechanic's lien. Kabul promptly moved to quash the execution. In its motion, Kabul pointed out for the first time that nowhere in the case, including the judgment, was there a correct legal description, i.e., a legal description for the nursing home property where Mohawk's materials were used.

At a non-evidentiary hearing on March 6, 1996, Mohawk's lawyer agreed that the property descriptions were wrong and that Kabul's motion to quash should be sustained. He argued, however, that Kabul had consented to a judgment imposing a mechanic's lien on "the Kabul Nursing Home located at 1101 Azark Avenue in Cabool, Missouri[;]" consequently, Mohawk was entitled to have the judgment corrected by an amendment that reflected the correct descriptions. The trial court quashed the execution but granted leave to Mohawk to prepare an amended judgment correcting the description. Mohawk promptly prepared an amended judgment—the only change being the legal de-

1. This is the description of the case taken from Kabul's "Notice of Appeal."

scriptions—and the trial court entered the amended judgment on March 18, 1996.

At Mohawk's request, another special writ of execution was issued April 8, 1996. Levy of this execution occurred on April 12, 1996. Kabul moved to quash the execution on April 29, 1996, claiming that the trial court lacked authority to amend the judgment. On May 9, 1996, the trial court denied Kabul's motion to quash "upon the basis of laches and judicial estoppel."

On April 24, 1996, Kabul appealed from the amended judgment that was entered on March 18, 1996.

Even though not raised by the parties, an appellate court is obligated to notice, *sua sponte*, matters preventing it from obtaining jurisdiction. *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450[1] (Mo.banc 1994); *In the matter of S __B __A __*, 850 S.W.2d 356, 357[1] (Mo.App.1993). "A prerequisite to appellate review is that there be a final judgment." *Committee for Educational Equality*, 878 S.W.2d at 450[3]; § 512.020, RSMo 1994. If a trial court's order is not a final judgment, the appellate courts lack jurisdiction and the appeal must be dismissed. *Id.* at 454.

In a civil case in Missouri, "[f]or a judgment to be final and appealable, it must dispose of all parties and all issues in the case, leaving nothing for future determination." *Cooper v. Continental Fidelity Surety Co., Inc.*, 851 S.W.2d 65, 67[1] (Mo.App.1993), Rule 74.01(b). *See McClellan v. Barrath Construction*, 725 S.W.2d 656, 658 (Mo.App. 1987); § 512.020, RSMo 1986. An exception to this general rule exists, i.e., Rule 74.01(b) permits an appeal from a judgment that disposes of less than all parties and issues *if* the trial court makes "an express determination that there is no just reason for delay." Rule 74.01(b). We need not decide whether such exception might have allowed an appeal in this case since no such finding was made. *See In the Matter of S.B.A.*, 850 S.W.2d at 357[4].

Here, the trial court did not adjudicate Mohawk's claims against Contractor and made no determination that there was no just reason for delay. Consequently, the mechanic's lien judgment lacks finality for appeal purposes. Therefore, we lack jurisdiction and must dismiss the appeal.

In reaching our conclusion, we do not ignore that in its brief Kabul does not directly challenge the mechanic's lien judgment. Inexplicably, Kabul used its brief to attack a "special" order of the trial court from which an appeal was possible but was not taken, i.e., the order overruling Kabul's motion to quash execution. To explain, we examine the only two points contained in Kabul's brief. Both charge that "[t]he trial court erred and abused its discretion in overruling [Kabul's] motion to quash [execution]." It is well settled that an order overruling a motion to quash an execution is a "special order after final judgment" from which an appeal is permitted by § 512.020 RSMo 1994. *See Helton Construction Co. v. High Point Shopping Center, Inc.*, 838 S.W.2d 87, 90–92 (Mo.App.1992). Here, the "special order" of May 9, 1996, had finality for appeal purposes since neither multiple parties nor multiple claims were present in that motion to quash execution proceeding. As Kabul did not appeal from that special order, it is a final order. By its brief, Kabul urges us to grant it relief from a final order that is not before this court. Although technical adherence to the formal averment of a notice of appeal is not jurisdictional and the averments in a notice of appeal are to be liberally construed, *L.J.B. v. L.W.B.*, 908 S.W.2d 349, 351[4] (Mo. banc 1995), such liberality does not empower us to review a special order that had not been entered at the time the notice of appeal was filed.

For the reasons stated above, the original and amended mechanic's lien judgments lack finality for appeal purposes, yet the "special order" became final for appeal purposes but was unappealed. This court refrains from expressing our views on this anomaly for two reasons. First, "[w]e know of nothing more futile in the law than a decision and opinion by a court in a cause whereof it has no jurisdiction." *Reichardt*

*Motor Co. v. Standard Accident Ins. Co.*, 237 Mo.App. 902, 179 S.W.2d 112, 114 (1944). Second, appellate courts do not render advisory opinions or decide nonexistent issues. *Air Evac EMS, Inc. v. Goodman*, 883 S.W.2d 71, 74[3] (Mo.App.1994). Given the state of the record, any opinion voiced by this court about whether Mohawk can or should proceed at this time with its special writ of execution would be merely advisory. For that additional reason, we refrain from doing so.

The appeal is dismissed.

CROW, P.J., and MONTGOMERY, C.J., concur.