In re the MARRIAGE OF Edward Dean ROBERTS and Jacqueline Sue Roberts.

Edwards Dean ROBERTS, Petitioner–Respondent,

v.

Jacqueline Sue ROBERTS, Respondent–Respondent,

William A. Wear, Jr., Guardian Ad Litem–Appellant.

No. 21827.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 4, 1997.

James R. Sharp, Springfield, for appellant.

Royal M. Miller, Springfield, for respondent E. Roberts.

Ted Von Willer, Jr., Springfield, for Respondent J. Roberts.

SHRUM, Judge.

In this domestic relations case, attorney William A. Wear, Jr. was appointed guardian ad litem after Father and Mother made allegations of abuse against each other. Attorney Wear's motion for an award of fees was scheduled for hearing on April 16, 1997. On April 14, Father filed a voluntary dismissal of his First Amended Motion to Modify and on April 15 Mother filed a voluntary dismissal of her Counter–Motion to Modify. A docket entry dated April 16, 1997, reads:

> "Court finds GIVENS vs WARREN, 905 S.W.2d .130 (MO App. ED, 1995) controlling, Court therefore lacks jurisdiction since 4/15/97 to award Guardian ad Litem fees. Court finds Resp's Motion for Contempt was never properly before the Court and is not sufficient to retain Court's jurisdiction for purposes of awarding fees to Guardian ad Litem. Copy of docket entry to Attys.
>
> Tem/ms"

The guardian ad litem attempts to appeal from this docket entry. We dismiss the appeal because the docket entry is not a final judgment.

The court of appeals must determine, *sua sponte*, matters that would prevent an appellate court from obtaining jurisdiction. *In the Matter of S.B. A.*, 850 S.W.2d 356, 357[1] (Mo.App.1993). Appellate review requires a final judgment. *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450[3] (Mo.banc 1994); *Mohawk Flush Doors, Inc. v. Kabul Nursing Homes, Inc.*, 938 S.W.2d 347, 349[2] (Mo.App.1997). If a trial court's order is not a final judgment, an appellate court lacks jurisdiction and must dismiss the appeal from that order. *Mohawk Flush Doors, Inc.*, 938 S.W.2d at 349[3].

The term judgment is defined as follows in Rule 74.01(a), Missouri Rules of Civil Procedure, 1997:

> " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' is filed. The judgment may be a separate document or included on the docket sheet of the case."

Unless an order or docket entry is denominated a "judgment" in some document signed by the court it is not a judgment for purposes of appeal. *Brooks v. Director of Revenue*, 954 S.W.2d 715 (Mo.App.S.D.1997); *Sarasohn & Co., Inc. v. Prestige Hotels Corp.*, 945 S.W.2d 13, 16[10] (Mo.App.1997).

> "The requirement that a trial court must 'denominate' its final ruling as a 'judgment' is not a mere formality. It establishes a 'bright line' test as to when a writing is a judgment. The rule is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue."

*City of St. Louis v. Hughes*, 950 S.W.2d 850, 853[2] (Mo.banc 1997).

Nowhere in the record here, including the docket entries, is the denial of guardian ad litem fees denominated a judgment. Under the rules it is not therefore a judgment for purposes of appeal.

The appeal is dismissed.

MONTGOMERY, C.J., and BARNEY, J., concur.