Bill HOLT, Petitioner–Respondent,

v.

DIRECTOR OF REVENUE,
Respondent–Appellant.

No. 21765.

Missouri Court of Appeals,
Southern District,
Division Two.

April 30, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Appellant.

No appearance for Respondent.

SHRUM, Judge.

■ The Missouri Director of Revenue (Director) denied Bill Holt's application for a permit to drive a school bus. Director claimed that under § 302.272.5, RSMo 1994, Holt was not eligible for a permit due to his alleged conviction in 1959 for non-support. Holt filed a petition for review in the trial court.[1] After a trial de novo, the trial court entered an "order" that directed Director to grant Holt the permit. Director attempts to appeal from this "order." However, at no place is the "order" denominated a "judgment;" consequently, it is insufficient upon which to base an appeal. We dismiss the appeal for non-compliance with Rule 74.01(a), Missouri Rules of Civil Procedure, 1997.

■ The court of appeals must determine, *sua sponte,* matters that would prevent an appellate court from obtaining jurisdiction. *In the Matter of S.B.A.,* 850 S.W.2d 356, 357[1] (Mo.App.1993). Appellate review requires a final judgment. *Comm. for Educ. Equality v. State,* 878 S.W.2d 446, 450[3] (Mo.banc 1994); *Mohawk Flush Doors, Inc. v. Kabul Nursing Homes, Inc.,* 938 S.W.2d 347, 349[2] (Mo.App.1997). If a trial court's order is not a final judgment, an appellate court lacks jurisdiction and must dismiss the appeal from that order. *Mohawk Flush Doors, Inc.,* 938 S.W.2d at 349[3].

The term judgment is defined as follows in Rule 74.01(a):

1. On August 21, 1995, the trial court ordered Director to issue Holt a school bus permit. Director's appeal of that judgment was reversed and remanded as we were not provided a record upon which we could make a review. *Holt v. Director of Revenue,* 926 S.W.2d 532 (Mo.App. 1996).

" 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' is filed. The judgment may be a separate document or included on the docket sheet of the case."

Unless an order or docket entry is denominated a "judgment" in some document signed by the court it is not a judgment for purposes of appeal. *Brooks v. Director of Revenue,* 954 S.W.2d 715, 717 (Mo.App.1997); *Sarasohn & Co., Inc. v. Prestige Hotels Corp.,* 945 S.W.2d 13, 17[10] (Mo.App.1997).

"The requirement that a trial court must 'denominate' its final ruling as a 'judgment' is not a mere formality. It establishes a 'bright line' test as to when a writing is a judgment. The rule is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue."

*City of St. Louis v. Hughes,* 950 S.W.2d 850, 853[2] (Mo.banc 1997).

Nowhere in the record here, including the docket entries, is there a writing denominated "judgment" that orders Director to issue Holt a permit. Under the rules the "order" is not a "judgment" for purposes of appeal.

The appeal is dismissed.

MONTGOMERY, C.J., and BARNEY, J., concur.