**Judith Feinberg BRILLIANT, Successor Trustee of the Adolph K. Feinberg Hotel Trust, and Wittner, Poger, Rosenblum, Spewak & Maylack, P.C., Plaintiffs/Appellants,**

v.

**Daniel B. FEINBERG, Defendant/Respondent.**

**No. ED 75730.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Nov. 16, 1999.

Gary M. Siegel, Clayton, for appellants.

Jerry A. Klein, P.C., Clayton, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Judgment creditors appeal from a ruling which they denominate "a final judgment as to" a motion for examination of judgment debtor in which the trial court refused to compel defendant, who had invoked his right against self-incrimination, to respond, even though defendant had received a grant of use immunity from a prosecuting attorney under Section 513.380 RSMo (1994). Defendant has moved to dismiss the appeal on the grounds that the action appealed from is not an appealable judgment. We sustain the motion and dismiss.

This appeal arises out of litigation involving the Adolph K. Feinberg Hotel Trust. In 1994, the St. Louis County Circuit Court found defendant, Daniel B. Feinberg, and his brother, John J. Feinberg, breached their fiduciary duties, removed them as co-trustees and appointed Judith Brilliant Feinberg as successor trustee of the Adolph K. Feinberg Hotel Trust. It ordered the Feinberg brothers to repay certain sums of principal to Brilliant as trustee and to pay interest on those sums to Virginia Feinberg, the income beneficiary of the trust. In 1996 Virginia Feinberg assigned her interest in the judgment to appellant, Wittner, Poger, Rosenblum, Spewak & Maylack, P.C. (Wittner, Poger). Subsequently Brilliant filed a motion for examination of judgment

debtor seeking to discover defendant's available assets on which execution could be levied. With the motion, Brilliant filed a grant of use immunity executed by the St. Louis County prosecutor. Brilliant thereafter assigned her right in the judgment to Wittner, Poger.

Defendant filed a motion to quash subpoena duces tecum in which he contended that the subpoena, notwithstanding the grant of use immunity, violated his constitutional privilege against self-incrimination. The trial court sustained the motion to quash. A motion to reconsider was filed asking the court to compel defendant to testify at the judgment debtor examination.

On December 2, 1998, the court took up the motion to reconsider. The trial court recited that it would not compel the debtor to testify. Defense counsel argued that a motion for reconsideration has no legal effect in Missouri and that the appropriate relief from the quashing of the subpoena would be an appellate or extraordinary remedy, not a reconsideration. The court then stated that it was not proceeding on a motion to reconsider and was not ruling on that motion but was restating that, if defendant was resubpoenaed, the court would not compel him to answer. The court entered a written memorandum upholding the August 12, 1998 order in all respects. It also granted leave to substitute Wittner, Poger as the plaintiff in place of Brilliant.[1]

Brilliant and Wittner, Poger then sought a writ in this court, which was denied. On December 31, 1998, Brilliant and Wittner, Poger filed a motion to amend judgment. In their motion, they contended that the "order" entered December 2, 1998 was a final judgment because, as a result of the court's ruling, all issues on the motion for examination of judgment debtor were concluded. On January 28, 1999, the trial court entered an Order reciting that its "ruling of December 2, 1998 was a final judgment as to said Motion for Examina-

tion of Judgment Debtor, filed on November 15, 1997 and that no just cause exists for delay. Defendant should not be able to appeal, but appellate court should handle the matter in mandamus."

On February 5, 1999, plaintiffs filed their notice of appeal from the "Judgment of December 2, 1998." We directed that the question of whether an appealable judgment existed be taken with the case. Defendant filed a motion to dismiss the appeal. Having now examined the briefs of the parties and the record, we dismiss this appeal for the reason that there is no appealable judgment either as a matter of form or of substance.

■ There is no judgment in the form of a judgment from which an appeal may be taken. The December 2, 1998 memorandum is not denominated "judgment" or "decree" as required by Rule 74.01(a). The trial court's order of January 28, 1999 attempted to designate the December 2, 1998 ruling as a "final judgment" but also said that it was not an appealable order. Under Rule 74.01(a) a judgment by definition is appealable. Thus, the December 2, 1998 order was insufficient to create a judgment which on its face could be appealed.

■ Even if a purported judgment in proper form existed, the disposition of a Motion for Examination of Judgment Debtor is not an appealable judgment. An examination of judgment debtor, pursuant to Sec. 513.380 RSMo and Rule 76.27, is a supplementary proceeding, summary in nature, which is intended to disclose fraudulently concealed property in order that it may rightfully be subjected to the payment of a just debt. *Kleinfeld v. Graneto Datsun, Inc.*, 686 S.W.2d 885, 886 (Mo. App.1985). The court which hears evidence in a judgment debtor examination proceeding has no power to issue any kind of order or judgment. *Id.* Rather, it delivers a written advisory opinion stating

1. The court had also been informed of Virginia Feinberg's October 24, 1998 death.

whether the debtor has and owns property which ought to be applied to the payment of the judgment. An appeal would defeat the purpose of the summary nature of the proceedings. *Id.* Further, no statutory basis exists for taking an appeal from examinations of judgment debtors. *Id. See also, State ex rel. Long v. Askren,* 874 S.W.2d 466, 477 (Mo.App.1994). Likewise, no appeal is authorized from an order quashing a subpoena in an examination of judgment debtor proceeding. *Kleinfeld,* 686 S.W.2d at 887.

Because there is no appealable judgment, this appeal is dismissed.

RHODES RUSSELL, C.J. and MARY K. HOFF, J., concur.