**Nancy Diane GENTRY, Plaintiff–
Respondent,**

v.

**Deryl Keith GENTRY, Defendant–
Appellant.**

No. 24219.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 15, 2002.

Timothy H. Bosler, Chillicothe, for Appellant.

No appearance for Respondent.

Before PREWITT, PARRISH and RAHMEYER, JJ.

PER CURIAM.

Deryl Keith Gentry attempts to appeal an order denying a request that his former wife, Nancy Diane Gentry, be held in contempt of court for allegedly failing to grant him visitation and custody with their child

as specified in the judgment that dissolved their marriage. He further seeks to appeal the denial of a family access motion that requested relief as provided by § 452.400.3.[1] The appeal is dismissed for lack of a final judgment.

Mr. Gentry filed a one-count pleading entitled "Respondent's Motion for Contempt, Family Access and Change of Primary Custody and Child Support." It was filed in the parties' dissolution action in which judgment dissolving the marriage had been entered June 16, 2000. Mr. Gentry requested that his former wife be adjudged in contempt for noncompliance with child visitation and child custody provisions of their dissolution judgment, modification of that judgment, and relief as permitted by § 452.400.6 pursuant to the part of the pleading that stated a motion for family access.

■ The trial court entered the following writing:

### ORDER

Now, on February 22, 2001, the court enters the following orders:

1. [Deryl Keith Gentry's] Motion for Contempt is denied.

2. [Deryl Keith Gentry's] Family Access Motion is denied. The court finds that [Nancy Diane Gentry] did deny visitation, but did so in the best interests of the child for the reason that [Deryl Keith Gentry] intended to transport the minor child at night in a vehicle that had only one headlight, was not registered and was not insured.

3. The court orders that the original visitation schedule be strictly complied with upon proof of registration, insurance and proper lighting. Such proof should be filed with the clerk, and a copy should be provided to counsel for [Nancy Diane Gentry].

4. As a housekeeping matter, [Deryl Keith Gentry] is ordered to bring all payment for child support and maintenance current by March 1, 2001.

5. [Deryl Keith Gentry's] Motion for Change of Primary Custody and Child Support is set for setting on March 15, 2001, at 10:00 a.m. Counsel need not be present but should file a list of available hearing dates in March, April, May and June, with the clerk prior to March 15.

Clerk to notify counsel.

SO ORDERED: February 22, 2001

/s/ J Jacobs

John Jacobs 30431

Associate Circuit Judge.

A docket entry dated "3–2–01" states, "Voluntary Dismissal filed by [Deryl Keith Gentry]." It is followed by a handwritten docket entry dated "3–7–01" that recites, "[Deryl Keith Gentry's] outstanding claim dismissed voluntarily. No further process at this time. JJ." Notice of Appeal was filed "3 28–01." A "CIVIL CASE INFORMATION FORM" was filed the same date. It recites that a copy of the order appealed is attached. The document attached is a copy of the February 22, 2001, order heretofore quoted.

■ This court is required to determine, *sua sponte,* matters that would prevent it from obtaining jurisdiction. *Holt v. Director of Revenue,* 968 S.W.2d 228 (Mo. App.1998). "If a trial court's order is not a final judgment, an appellate court lacks jurisdiction and must dismiss the appeal from that order." *Id.*

Rule 74.01(a) provides, in applicable part, "A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." No docu-

---

1. References to statutes are to RSMo 2000.

ment meeting this requirement appears in the record on appeal filed in this court. There being no final judgment, this court is without jurisdiction to proceed. *In re Marriage of Rotz*, 968 S.W.2d 198, 199 (Mo.App.1998). The appeal is dismissed.