**AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,**
Respondent,

v.

**Larry D. BITTICK, Appellant Pro Se.**

No. WD 61784.

Missouri Court of Appeals,
Western District.

May 13, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 1, 2003.

Application for Transfer Denied Aug. 26, 2003.

Larry D. Bittick, Cameron, pro se.

Carol F. Walsh, Kansas City, for respondent.

Before: HOWARD, P.J.,
LOWENSTEIN and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Appellant Larry Bittick alleges the circuit court erred in denying his Motion to Set Aside a Default Judgment. We dismiss the appeal, for lack of appellate jurisdiction, because the circuit court failed to enter a final judgment.

On December 22, 1998, American Standard Insurance Company of Wisconsin ("American Standard") filed a Petition for Declaratory Judgment seeking a determination of whether it had a duty to further defend or indemnify Bittick under his automobile insurance policy.[1] Bittick failed to respond to the petition, and the circuit court entered default judgment for American Standard on March 5, 1999.

On November 1, 1999, Bittick filed a Motion to Set Aside Default Judgment. The circuit court denied the motion in an "Order" entered July 24, 2002. Bittick thereafter filed a *"nunc pro tunc"* motion requesting that the order be correctly denominated as a final judgment. The court did not rule on the motion. Bittick filed a Notice of Appeal on August 19, 2002.

■ On appeal, Bittick alleges four points of error and seeks reversal of the circuit court's order denying his Motion to Set Aside Default Judgment. Before considering these points, we must determine our authority to hear the merits of this appeal. *Am. Family Mut. Ins. Co. v. Hart,* 41 S.W.3d 504, 508 (Mo.App. W.D. 2000). Although neither party has raised the issue, we are required to ascertain *sua sponte* if the jurisdictional prerequisite of a final judgment has been met. *Bush Constr. Mach., Inc. v. Kansas City Factory Outlets, L.L.C.,* 37 S.W.3d 852, 854 (Mo. App. W.D.2001).

■ Pursuant to Section 512.020, RSMo 2000, an aggrieved party has a right to appeal from a final judgment or from any special order entered after final judgment. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. Rule 74.01. Appellate jurisdiction is contingent upon the existence of a final judgment. See *Bush,* 37 S.W.3d at 854.

■ In determining our jurisdiction, we must consider whether the circuit court's order denying Bittick's Motion to Set Aside Default Judgment constituted a final judgment or special order entered after such judgment. Bittick filed his Motion to Set Aside more than thirty days after entry of the default judgment—that is, after

---

1. American Standard had already paid the policy limit of $100,000 to settle an automobile accident claim under Bittick's insurance policy.

the judgment was final pursuant to Rule 75.01. "When such a motion is filed *after* the default judgment has become final, it is treated as an independent proceeding, separate and apart from the underlying judgment." *Popular Leasing USA, Inc. v. Universal Art Corp. of New York*, 57 S.W.3d 875, 878 (Mo.App. E.D.2001). The independent nature of this proceeding requires the entry of a new final judgment to invoke appellate jurisdiction. *Id.*

The circuit court's order denying Bittick's Motion to Set Aside Default Judgment was not denominated as either a "judgment" or "decree" as required by Rule 74.01. We do not have jurisdiction to consider the appeal of this order because no final judgment has been entered. *Id.* Accordingly, the appeal is dismissed.

All concur.