Margaret **HAMPTON**, Plaintiff/Garnishor–Respondent,

v.

The **KING ROYAL BROTHERS CIRCUS** and Charles Davenport, Defendants,

**T.H.E. Insurance Company,** Garnishee–Appellant.

No. 25681.

Missouri Court of Appeals, Southern District, Division One.

June 30, 2004.

Motion for Rehearing or Transfer Denied July 19, 2004.

Application for Transfer Denied Aug. 24, 2004.

John L. Oliver, Jr., Oliver, Oliver & Waltz P.C., Cape Girardeau, for appellant.

Hal E. Hunter, New Madrid, for respondent.

PHILLIP R. GARRISON, Judge.

T.H.E. Insurance Company ("Appellant") appeals from the trial court's order denying its motion to strike interrogatories and motion for summary judgment filed against Margaret Hampton ("Respondent"). Having determined that the order is not denominated a judgment as required by Rule 74.01(a), nor is it a special order pursuant to Section 512.020, we dismiss the appeal for lack of jurisdiction.[1]

On February 8, 2000, Margaret Hampton ("Respondent") was granted a default judgment in the amount of $200,000 against The King Royal Brothers Circus and Charles Davenport (hereinafter referred to collectively as "Defendants") for personal injuries she suffered while attending a circus performance. When Respondent was unable to collect on the judgment against Defendants, she instituted garnishment proceedings against Appellant. In its answer to Respondent's interrogatories, Appellant admitted the existence of a general liability insurance policy between itself and Defendants; however it denied that it was obligated or indebted to Respondent in any manner. On September 20, 2001, Respondent voluntarily withdrew her action, but brought a second garnishment proceeding against Appellant on April 3, 2002. Following the denial of a motion to quash the second garnishment action, Appellant appealed to this court, but was denied relief for violations of Rule 84.04. *See Hampton v. Davenport*, 86 S.W.3d 494 (Mo.App. S.D.2002).

---

1. All references to rules are to Missouri Rules of Civil Procedure (2002) and all references to statutes are to RSMo (2000), unless otherwise indicated.

On November 26, 2002, after receipt of the mandate from this court, Appellant filed its motion to strike interrogatories. Thereafter, it also filed a motion for summary judgment. On May 19, 2003, the trial court overruled both motions and this appeal followed.

An appellate court is obligated to notice, *sua sponte*, matters preventing it from obtaining jurisdiction. *Ransom v. Pimentel*, 125 S.W.3d 346, 347 (Mo.App. E.D.2004). Absent one of the exceptions expressly set out in Section 512.020, an aggrieved party may only appeal from a final judgment of the trial court. Section 512.020; *Brooks v. Brooks*, 98 S.W.3d 530, 531 (Mo. banc 2003). If the trial court's judgment is not final, this court is without jurisdiction to consider the appeal, and the appeal must be dismissed. *Wall USA, Inc. v. City of Ballwin*, 82 S.W.3d 201, 202 (Mo.App. E.D.2001).

Rule 74.01(a) provides:

(a) Included Matters. 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered.

Rule 74.01(a) "impos[es] an express requirement that the document or docket notation be denominated 'judgment.' [It] does not expand or shrink jurisdiction, the right to appeal, or any other substantive right." *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997) (internal citations omitted).

In designating the writing a "judgment," it must be clear from the writing that the trial court is calling the document or docket sheet entry a judgment. *Hughes*, 950 S.W.2d at 853. "The requirement that a trial court must 'denominate' its final ruling as a 'judgment' is not a mere formality. It establishes a 'bright line' test as to when a writing is a judgment." *Williams v. Director of Revenue*, 69 S.W.3d 919, 920 (Mo.App. E.D.2002) (quoting *Hughes*, 950 S.W.2d at 853). "Whether the designation 'judgment' appears as a heading at the top of the writing, within the body of the writing in some other manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being 'called' a 'judgment' by the trial court. Depending upon the text, mere use of the word 'judgment' in the body of the writing or docket entry may not suffice." *Hughes*, 950 S.W.2d at 850.

Here, the trial court's writing, which is entitled "Order," consists of a single paragraph setting forth its ruling. "Webster's Third New International Dictionary (1981) defines 'denominate' as 'to give name to' or 'call by a name.'" *Wall USA, Inc.*, 82 S.W.3d at 202 n. 1. As in *Wall USA, Inc.*, "there is no such label or title to [this] court's order" and the term "judgment" does not appear anywhere in the writing. *Id. See also Williams*, 69 S.W.3d at 920; *Hughes*, 950 S.W.2d at 853. Further, the writing ends with a recitation which considers, orders, and adjudges that Appellant's motions were overruled. The docket entry even reflects that an order was entered on that date and not a judgment. Consequently, the order did not constitute a "final judgment because the order was not denominated a judgment." *McDonald v. Lohman*, 961 S.W.2d 126, 127–128 (Mo.App. S.D.1998). *See also In*

*re B.C.,* 991 S.W.2d 179, 181 (Mo.App. S.D.1999).

Additionally, despite Appellant's argument to the contrary, we find that this order is not a special order under Section 512.020. Section 512.020 permits a party to directly appeal "from any special order after final judgment in the cause." This phrase "contemplates that a judgment has become final and that one of the parties is attempting to enforce the judgment." *State ex rel. Westmoreland v. O'Bannon,* 87 S.W.3d 31, 34 (Mo.App. W.D.2002). In this matter, there is no final underlying judgment determining liability between Appellant, the insurance company, and Respondent, the judgment holder. The insurance company was not involved in the original litigation and denied in its interrogatories that it was liable for any injuries Respondent suffered at the Defendants' circus. Therefore, there is not even a judgment involving these parties upon which to seek enforcement.

Because of the procedural defects in this matter, we do not reach the substantive issues raised by the parties. We dismiss the appeal for lack of a final, appealable judgment.

RAYMEYER, C.J., and BARNEY, P.J., concur.