## LAKE OSAGE CONDOMINIUM ASSOCIATION, INC.,
### Appellant,

v.

### Gary PREWITT, Respondent.

### No. 26862.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 30, 2005.

ry.' "

Lester C. Stuckmeyer, Jr., St. Louis, for appellant.

Matthew F. Howard, Eldon, for respondent.

ROBERT S. BARNEY, Judge.

Lake Osage Condominium Association, Inc., ("Appellant") purports to appeal the trial court's "Memorandum" order dated November 9, 2004, granting Gary Prewitt's ("Respondent") motions to set aside a pri-

or default judgment entered on June 22, 2004, against Respondent. This prior default judgment awarded Appellant the principal sum of $15,386.32, together with attorney fees and costs arising from unpaid assessments, costs and dues attendant to Respondent's ownership of a condominium unit in Camden County, Missouri.

Appellant also appeals a subsequent docket entry judgment, dated January 20, 2005, which *denied* Appellant's claims against Respondent for these same unpaid assessments, costs, dues, attorney fees and costs.

The record shows that on May 6, 2004, Appellant filed suit against Respondent, the owner of condominium "Unit 202A," alleging that Respondent had failed to pay $15,854.32, together with any other unpaid assessments, late fees, interest, and collection costs associated with his ownership interest in Unit 202A. Appellant also alleged it was owed $15,854.32 on a theory of quantum meruit. Respondent failed to answer the petition.

On June 22, 2004, the trial court entered a default judgment in favor of Appellant in the amount of "$15,386.32, and attorney's fees in the amount of $5,128.00, plus court costs of $145.00 for a total judgment of $20,659.32, with interest continuing to accrue at the statutory rate of 9 [percent] per annum from June [22], 2004." Appellant then instituted execution and garnishment proceedings against Respondent and a writ of garnishment was issued on July 30, 2004.

On August 17, 2004, Respondent filed a motion to quash the execution of the default judgment and a "Motion for Order Granting Relief from Judgment Pursuant to Rule 74.06." [1] In his Rule 74.06 motion,

---

1. Rule 74.06(b) states:

On motion and upon such terms as are just, the court may relieve a party or his legal

Respondent requested the trial court set aside the default judgment based on his counsel's "mistake, inadvertence and excusable neglect. . . ." Respondent went on to state that he believed the claims in the petition "are subject to meritorious defenses . . . ," and that the judgment "is irregular and/or . . . is void in that [Appellant] . . . is not a true party in interest, and/or lacks capacity or standing to sue in the above captioned cause, and accordingly the proceedings and Judgment issued herein are a nullity and void."

Thereafter, on October 12, 2004, Respondent filed a "Supplemental Motion for Relief from Judgment and Order Quashing Execution and Notice of Hearing" made "pursuant to Rule 74.05, in the alternative and supplemental to his [previous] motion under Rule 74.06(b)(1). . . ."[2] In his supplemental motion, Respondent set out, *inter alia,* that some of the fees and charges assessed by Appellant were time barred and that because Appellant was not a legal entity, it could not sue him in its own name.

Following the November 9, 2004, hearing, the trial court penned a writing which, in pertinent part, set out as follows:

### MEMORANDUM

Comes now for hearing [Respondent's] motion to set aside default judgment and the court being fully advised finds:

1. That [Respondent] has good cause and a meritorious defense and therefore the motion to set aside is granted.

2. That the court takes under advisement the awarding of [Appellant's] attorney fees under Rule 74.05.

3. That the money in the registry of the court is to remain until disposition.

4. That this matter is set for trial Dec. 20, 2004.

\* \* \*

Dated: 11–9–2004

SO ORDERED:

/s/ Bruce E. Colyer

Circuit Judge

The matter was again called for hearing on Appellant's *original petition* on December 20, 2004. On January 20, 2005, the trial court entered its judgment by way of a docket entry. In pertinent part, the trial court found that

[Appellant] is not the real party in interest . . . that the real party in interest (per the exhibits and testimony) is Lake Osage Condominium *Owner's* Association, Inc. [Appellant's] counsel was given

representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

Unless otherwise stated, all rule references are to Missouri Court Rules (2004) and all statutory references are to RSMo 2000.

2. Rule 74.05(d), which specifically relates to setting aside default judgments, states:

Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default.

the opportunity to amend his pleadings but never did. Therefore the Court finds that said named [Appellant] is not the real party in interest to pursue the action filed.

"Court orders judgment for [Respondent]." This appeal by Appellant followed.

In its first point of trial court error, Appellant maintains the trial court's grant of Respondent's motion to set aside the default judgment was in error "[b]ecause the decision was made without competent evidence being presented to the trial court...." Specifically, Appellant argues that Respondent's underlying motion to set aside the default judgment "was not verified or accompanied by supporting affidavits and the trial court did not hold an evidentiary hearing as required by Rule 74.05 of the Missouri Rules of Civil Procedure."

■ Movant "filed his Motion to Set Aside more than thirty days after entry of the default judgment-that is, after the judgment was final pursuant to Rule 75.01." *Am. Std. Ins. Co. v. Bittick*, 112 S.W.3d 55, 56–57 (Mo.App.2003). " 'When such a motion is filed *after* the default judgment has become final, it is treated as an independent proceeding, separate and apart from the underlying judgment.' " *Id.* at 57 (quoting *Popular Leasing USA, Inc. v. Universal Art Corp.*, 57 S.W.3d 875, 878 (Mo.App.2001)). "The independent nature of this proceeding requires the entry of a new final judgment to invoke appellate jurisdiction." *Id.* " 'In such a case, the trial court's order granting or denying the motion to set aside default judgment is itself (assuming that all other prerequisites of appellate jurisdiction are met) a separately appealable judgment.' " *McElroy v. Eagle Star Group, Inc.*, 156 S.W.3d 392, 400 (Mo.App.2005) (quoting *Popular Leasing*, 57 S.W.3d at 878).

■ "[T]hough neither party's brief questions this [C]ourt's jurisdiction over the instant appeal, we have a duty to determine our appellate jurisdiction *sua sponte*." *McElroy*, 156 S.W.3d at 398. "Absent one of the exceptions expressly set out in [s]ection 512.020, an aggrieved party may only appeal from a final judgment of the trial court." *Hampton v. King Royal Bros. Circus*, 140 S.W.3d 257, 259 (Mo.App.2004). "If the trial court's judgment is not final, this [C]ourt is without jurisdiction to consider the appeal, and the appeal must be dismissed." *Id.* As with all final, appealable judgments, orders setting aside default judgments must comply with Rule 74.01 and be "signed by the judge and denominated 'judgment' or 'decree'...." *Am. Std.*, 112 S.W.3d at 56 (quoting Rule 74.01).

■ In the present matter, we simply cannot review Appellant's first claim of error because the trial court's November 9, 2004, "Memorandum" order did not comply with the aforementioned requirements of Rule 74.01. *See City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997); *Hampton*, 140 S.W.3d at 259.

■ "Rule 74.01(a) 'imposes an express requirement that the document or docket notation be denominated 'judgment.' It does not expand or shrink jurisdiction, the right to appeal, or any other substantive right.' " *Id.* (quoting *Hughes*, 950 S.W.2d at 853). "In designating the writing a 'judgment,' it must be clear from the writing that the trial court is calling the document, or docket sheet entry a judgment." *Id.* " 'The requirement that a trial court must 'denominate' its final ruling as a 'judgment' is not a mere formality. It establishes a 'bright line' test as to when a writing is a judgment.' " *Id.* (quoting *Williams v. Dir. of Revenue*, 69 S.W.3d 919, 920 (Mo.App.2002)).

'Whether the designation "judgment" appears as a heading at the top of the writing, within the body of the writing in some other manner, or in the entry on

the docket, it must be clear from the writing that the document or entry is being "called" a "judgment" by the trial court. Depending upon the text, mere use of the word "judgment" in the body of the writing or docket entry may not suffice.'

*Hampton*, 140 S.W.3d at 259 (quoting *Hughes*, 950 S.W.2d at 850).

In *Hampton*, this Court reviewed a writing entitled "Order" which consisted of a single paragraph where the trial court set forth its ruling. *Id.* Nowhere in the writing did the term "judgment" appear. *Id.* Additionally, the docket entry reflected that an order was entered on a particular date. *Id.* Also, the writing ended with a recitation, as follows: "which considers, orders, and adjudges that [a]ppellant's motions were overruled." *Hampton*, 140 S.W.3d at 259. We determined that the "Order" did not constitute a final judgment because the order was not denominated a judgment.[3] *Id.* The instant writing contains similar deficiencies to those in *Hampton*. Point dismissed.

Appellant's second point on appeal alleges the trial court erred in entering its January 20, 2005, docket entry judgment against it "because the trial court erroneously applied the law regarding misnomers, in that it found that the designation of Appellant in the petition as Lake Osage Condominium Association, Inc. should have been Lake Osage Condominium Owners Association, Inc. and therefore the Appellant was not the real party in interest."

Due to the disposition of Appellant's first point on appeal, Appellant's second point on appeal must also be dismissed.

As previously stated, " '[i]f a trial court's order is not a final judgment, an appellate court lacks jurisdiction and must dismiss the appeal from that order.' " *Gentry*, 64 S.W.3d at 345 (quoting *Holt v. Dir. of Revenue*, 968 S.W.2d 228 (Mo.App. 1998)). Here, having found that the trial court's "Memorandum" order setting aside the default judgment was not a final judgment, this Court cannot review Appellant's claim relating to the trial court's subsequent January 20, 2005, docket entry judgment which disposed of this matter on its merits. The January 20, 2005, judgment was dependent on the trial court's prior jurisdictional authority to adjudicate Appellant's claims. "If a court cannot try a question except under particular conditions or unless petitioned in a particular way, it has no jurisdiction until such conditions exist or unless the court is approached in a manner which bestows jurisdiction." *State ex rel. Robinson v. Crouch*, 616 S.W.2d 587, 592 (Mo.App.1981). In the instant matter, the trial court had no jurisdiction to enter the second order. Point dismissed.

Accordingly, we dismiss Appellant's appeal and remand the matter to the trial court for proceedings consistent with this opinion.

SHRUM, P.J., and BATES, C.J., concur.

---

3. *See also Brilliant v. Feinberg*, 7 S.W.3d 20, 22 (Mo.App.1999) (holding that there is no final judgment where a "memorandum is not denominated 'judgment' or 'decree' as required by Rule 74.01(a)"); *Logan v. Sho–Me Power Electric Co-op.*, 83 S.W.3d 109, 111 (Mo.App.2002) (holding that although denominated a judgment, where a docket sheet is neither signed nor initialed by judge there is no final judgment under Rule 74.01(a)); *Gentry v. Gentry*, 64 S.W.3d 344, 345 (Mo.App. 2002) (holding that an order not denominated a judgment is not final for purposes of appeal).