nearly triple the amount of the loan secured by the Purchase Money Deed of Trust. However, there is no information in the record before us regarding the outstanding balance of the Purchase Money Loan, whether U.S. Bank knew of or consented to the refinancing loan, whether proceeds from the refinancing loan were used to pay down the Home Equity Credit Line, and whether U.S. Bank was made party to the foreclosure sale or knew of the foreclosure. Without these facts, proper analysis of this case is impossible.

## Conclusion

Because we have insufficient facts to determine the priority of the loans at the time the refinancing loan was foreclosed, we remand to the trial court with instructions to determine the priority of the loans. As this issue is dispositive, we do not reach U.S. Bank's other arguments.

CLIFFORD H. AHRENS, P.J., and MARY K. HOFF, J., concur.

Scott Thompson, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jayne T. Woods, Jefferson City, MO, for respondent.

Before ROY L. RICHTER, P.J., KATHIANNE KNAUP CRANE, J., and SHERRI B. SULLIVAN, J.

## ORDER

PER CURIAM.

Bradley McMorris appeals the denial of his Rule 29.15 motion for post-conviction relief after an evidentiary hearing. We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum for their information only, setting forth the facts and reasons for this order.

The judgment is affirmed pursuant to Rule 84.16(b).

**Bradley L. McMORRIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 87014.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 23, 2007.

**Carol CROUPPEN,
Plaintiff/Respondent,**

v.

**Terry CROUPPEN,
Defendant/Appellant.**

No. ED 88841.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 23, 2007.