**Carol CROUPPEN,
Plaintiff/Respondent,**

v.

**Terry CROUPPEN,
Defendant/Appellant.**

No. ED 88841.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 23, 2007.

Robert F. Summers, Saint Louis, MO, for respondent.

Thomas B. Weaver, Jeffery T. McPherson, Saint Louis, MO, for appellant.

GLENN A. NORTON, P.J.

Terry Crouppen (Husband) appeals from the trial court's judgment denying Husband's motion to quash a subpoena. Because there is no appealable judgment, the appeal is dismissed.

The marriage of Husband and Carol Crouppen (Wife) was dissolved by a dissolution decree on June 6, 2005. The decree incorporated a separation agreement entered into by the parties that included a provision for maintenance. This provision provided that Husband would pay Wife the amount of $10,000 per month "subject to a determination at the conclusion of any given year of Husband's Adjusted Gross Income and actual maintenance obligation." The actual amount of maintenance, therefore, was based upon Husband's "Adjusted Gross Income" at his law firm. The parties defined "Adjusted Gross Income" for purposes of the separation agreement and further provided that Wife "shall be entitled to review the books and records of Brown & Crouppen on an annual basis to determine the Adjusted Gross Income of [Husband], limited to only those books and records necessary to such determination." On March 14, 2006, Wife filed a motion for contempt asserting that Husband had refused to produce monthly financial statements for the year 2005, the Brown & Crouppen detailed records of distributions made for 2005, and the federal income tax form 1120 filed for the Brown & Crouppen for 2005. On May 22, 2006, Wife filed a notice to take Husband's deposition and issued a subpoena to Husband requiring him to appear for a deposition and to produce the disputed financial documents. On May 30, 2006, Husband filed a motion to quash the subpoena, asserting that the financial information that Wife requested was beyond the scope of the parties' settlement agreement. Husband and Wife filed multiple memoranda, replies and sur-replies to the motions. On September 13, 2006, the trial court issued a judgment denying Husband's motion to quash the subpoena. Husband has appealed from this judgment.

Wife has filed a motion to dismiss Husband's appeal, contending that there is no appealable judgment under section 512.020, RSMo Cum.Supp.2005. Wife asserts there is no final judgment on the claim before the trial court, which is the contempt action. Husband has filed sug-

gestions in opposition to the motion and asserts that his appeal is from a "special order after final judgment," which is appealable under section 512.020(5). Wife has filed a reply to Husband's response.

The judgment in question does not fall within any of those delineated in section 512.020 as appealable. The only possible provision under which Husband's appeal would be permitted is if the judgment in question is a "special order after final judgment." This phrase contemplates that the judgment has become final and a party is attempting to enforce the judgment or attack the enforcement of the judgment. *Brooks v. Brooks*, 98 S.W.3d 530, 531 (Mo. banc 2003). Examples of such special orders after final judgment include an order overruling a motion to quash execution, a final judgment in a garnishment action, and an order ruling a post-judgment motion to retax costs. *See, In re Marriage of Hatch*, 851 S.W.2d 103, 106 (Mo.App. S.D. 1993). Husband argues that an order denying his motion to quash a subpoena is akin to an order denying a motion to quash execution. We disagree.

In *Kleinfeld v. Graneto Datsun, Inc.*, 686 S.W.2d 885 (Mo.App. E.D.1985), the appellant attempted to appeal from an order quashing a subpoena duces tecum requiring the respondent to produce at an Examination of Judgment Debtor various records designed to show a transfer in fraud of creditors. This Court dismissed the appeal, concluding that an order quashing a subpoena duces tecum was not a final judgment, nor was it a special order after final judgment as that term is employed in section 512.020. *Id.* at 887. We see no difference from an order quashing a subpoena and an order denying a motion to quash a subpoena. These types of orders are simply discovery orders, even though the underlying proceeding is an attempt to enforce the judgment or attack

the enforcement of the judgment. They are not the equivalent of a ruling on an execution or garnishment.

Wife's motion to dismiss is granted. The appeal is dismissed without prejudice for lack of an appealable judgment.

CLIFFORD H. AHRENS, J., and NANNETTE BAKER, J., concur.